IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL McCARY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-02-1451** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **EDWARD J. KLEM,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 15, 2011, Michael McCary, a *pro se* plaintiff, filed a *nunc pro tunc*

motion to alter or amend the judgment of the Court's October 31, 2003, order

dismissing his Complaint, without prejudice, due to his failure to timely serve a

summons and the Complaint on Defendants as required by Fed. R. Civ. P. 4(m).

*See* Docs. 11 and 14.

A Rule 59(e) motion to alter or amend is a device of limited utility.  It may be

used only to remedy manifest errors of law or fact or to present newly discovered

precedent or evidence which, if discovered previously, might have affected the

court's decision.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  The

motion may be granted only if the moving party satisfies at least one of the following

grounds:  (1) an intervening change in the controlling law; (2) the availability of new

evidence that was not available previously; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice.  *Lazaridis v. Wehmer*, 591 F.3d 666, 669

(3d Cir. 2010).  A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court.  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  A losing party may not use a motion for reconsideration to raise new arguments or supporting facts that it could have raised previously, but did not.  *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).

The motion, however, may also be appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error, not of reasoning, but of apprehension."  *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting *Above the Belt Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.D.R. 99, 101 (E.D. Va. 1983)).  Finally, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Mr. McCary fails to demonstrate any of the applicable grounds for altering or amending our October 2003 Order dismissing his case without prejudice pursuant to Fed. R. Civ. P. 4(m).  Mr. McCary does not argue any legal error was committed. Rather, he simply argues that due to his "medical and psychological infirmities" he was unprepared to litigate the case earlier without the assistance of a jailhouse

lawyer.[1]  Even if this were true, this impediment is not new to Mr. McCary.  *Id*. at p.

2.  He does not suggest he was, or is, in a forensic mental health facility for the past

seven years, or was otherwise unable to communicate his possible need for counsel

in order to continue with his action before now.

Another impediment to Mr. McCary's motion is that a motion under Fed. R.

Civ. P. 59(e), titled a motion to alter or amend, must be filed no later than 28 days

after the entry of judgment.  Fed. R. Civ. P. 59(e).[2]  It is possible to toll this period

when the delay in filing the motion "is allegedly caused by the acts or omissions of

prison officials in the delivery of mail to a prisoner litigating pro se."  *Long v. Atl. City*

*Police Dep't*, 670 F.3d 436 (3d Cir. 2012).  However, Mr. McCary offers no evidence,

explanation, or details of any impediment that prevented him from filing a timely

motion for reconsideration, or one that was not seven years late.

Perhaps most damaging to Mr. McCary's efforts to reopen this matter at this

point in time is that it would unfairly prejudice the defendants by asking them to

defend themselves against accusations that were almost ten years old.  Aside from

substantially and unfairly jeopardizing the rights of the potential of the defendants by

reopening this matter, the effort also would be futile as any claims lodged against

them in the Complaint would be time barred.  *Hunterson v. Disabato*, 244 F. App'x

---

[1]  Mr. McCary does not offer any evidence to support his assertion of his mental disability.

[2]  Even if the Court construed Mr. McCary's motion as being filed pursuant to Fed. R. Civ. P. 60(b), which requests that the district court relieve a party from a final judgment, instead of Fed. R. Civ. P. 59(e),  it would still be denied as untimely as it was filed more than a year after the entry of our Order dismissing the case without prejudice.  Fed. R. Civ. P. 60(c).

455, 457 (3d Cir. 2007)("a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable period has run").  Here, the case was dismissed because the defendants were not properly served with the Complaint that alleges various SCI-Retreat prison officials assaulted Mr. McCary in August 2000.  Doc. 1, Compl. Accordingly, even if the Court did reopen this matter, and the defendants were properly served with the Complaint, based on the face of the Complaint, the action would be subject to dismissal as time barred.[3]

**ACCORDINGLY, THIS 10th   DAY OF APRIL, 2012, IT IS HEREBY ORDERED THAT** Mr. McCary's Motion to Alter or Amend (Doc. 14) is **DENIED**.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

---

[3] In Pennsylvania, claims brought pursuant to § 1983 are governed by a two year statute of limitations. *Cain v. Dep't of Public Welfare*, 442 F. App'x 638 (3d Cir. 2011).